UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MARCUS WHITE | * | DOCKET NO. |
| | * | |
| VERSUS | | |
| | * | MAGISTRATE |
| ROUSE'S ENTERPRISES, L.L.C. | * | |
| | * | |

\* \* \* \* \* \* \* \*

## COMPLAINT WITH REQUEST FOR JURY TRIAL

### Jurisdiction and Venue

1. This is an action brought under Title VII. Jurisdiction is based on 28 USC Section 1343. Venue in this district is proper because all conduct complained of occurred within the Eastern District of Louisiana.

### Exhaustion

2. Plaintiff received a Right-to-Sue letter dated March 24, 2015 in case number 461 – 2014 – 02141. A copy of this notice was sent to the defendant Rouse's Enterprises, LLC (herein after referred to as Rouse's) on the same date. Rouse's has also received a notice of this claim being made against them through the U.S. Mail sent on April 14, 2015.

## Parties

3. Plaintiff, Marcus White, was employed in the deli department of Rouses grocery store located in Metairie, Louisiana. Defendant is a grocery store chain located in Southeast Louisiana that employs more than 500 people.

## Count 1 Same Sex Harassment

4. Marcus White was, at all times relevant here to an employee of Rouse's.
5. Edward Drevar III was, at all times relevant hereto, the manager of the deli department at the Rouses where plaintiff was also employed.
6. On or about April 23, 2012 plaintiff was hired by Rouse's as a meat cutter at their location on Airline Highway in Metairie, Louisiana.
7. On or about September 11, 2014, plaintiff was in the course and scope of his employment at the Rouse's Airline Highway location.
8. During a break in his work schedule, plaintiff had the occasion to visit the men's room to relieve himself. The plaintiff was occupying one of the stalls in the lavatory when his supervisor, Edward Drevar , entered the bathroom.
9. As plaintiff was exiting the stall in the men's room, Edward Drevar dropped his pants, displayed his buttocks and said to the plaintiff "How bad do you want that raise?".
10. Plaintiff's response to this spectacle was "I did not know I had to give sexual favors to get a raise ". Plaintiff was greatly distressed by this

encounter and he quickly left the restroom.

## Count 2 - Retaliation

11. On or about September 13, 2014, plaintiff was suspended from work pending an investigation, and was discharged from his employment on or about September 15, 2014.

12. Edward Drevar contacted plaintiff on September 15, 2014 and told him that he had been discharged from employment for stealing. Edward Drevar claimed that this theft incident had occurred on September 11, 2014. Plaintiff categorically denied any wrongdoing at the store.

13. Shortly after plaintiff was accused of theft by Edward Drevar, he was told that he was being discharged based on loss of confidence in his abilities to perform the work he had been doing successfully for the previous three years.

14. Plaintiff alleges that his suspension and firing after the incident where Edward Drevar exposed himself to the plaintiff and sexually propositioned him were a direct result of the plaintiff's refusal to acquiesce and succumb to his supervisors sexual advances.

15. Edward Drevar, the plaintiff's direct supervisor, was an openly gay man and made this fact known to all those in his employment.

## Damages

16. As a result of the events which occurred on September 11, 2014 at the Rouses supermarket, plaintiff Marcus White has suffered a great deal of emotional and physical anxiety. He is currently under the care of a therapist who is treating him for the mental anguish and distress that this event caused the plaintiff.

17. Additionally, plaintiff had to seek new employment and lost income and wages during the period of his wrongful discharge and his subsequent hiring.

## Relief Sought

18. As a result of Edward Drevar's sexual harassment and predatory behavior towards the plaintiff, and the retaliatory discharge of the plaintiff, Marcus White has suffered severe emotional distress, anxiety and upset for which he continues to receive medical treatment for.

19. Plaintiff seeks damages for severe emotional distress, lost wages and income, medical expenses both past and future, punitive damages, a trial by jury along with costs and all other legal and equitable remedies and relief afforded by federal law and statutes.

Respectfully submitted,

BY: _____

LAURENCE D. COHEN (#1304)
702 N. Carrollton Ave.
New Orleans, La. 70119
504-284-3800
504-482-6988 facsimile
**Attorney for Marcus White**